Matthias, J.
 

 It is to be observed that the claim of plaintiff is based upon losses sustained by it upon accounts with two of its customers. We are concerned here only with one of them, and the question presented is whether the losses claimed to have been sustained through the insolvency of the Midwest Engine Company are covered by the policy sued upon.
 

 The answer to that question is to be determined from an examination of the terms of the policy, which is the contract between the parties. There was no disputed extrinsic evidence which would control or affect the construction of the contract; the issue therefore was and is one for the court.
 

 The particular question presented is the meaning of the term, “date of shipment and delivery,” as used in the policy. It is elementary that all the provisions of a contract are to be taken into consideration in determining the meaning and effect of the instrument. It seems necessary, however, to consider only the portions of the policy set out in the foregoing statement to arrive at a conclusion which is determinative of the issue here presented.
 

 
 *690
 
 The first paragraph of the policy clearly specifies the loss insured against, for it is there stated:
 

 “Such loss to occur * * * on
 
 bona fide
 
 sales of merchandise * * * shipped and delivered in the usual course of the insured’s business * * * during the period of this Policy.”
 

 Immediately following this paragraph with a heading entitled, “Conditions Under Which This Policy is Issued and Accepted,” is a paragraph entitled, “Coverage,” which must be regarded as a provision of exclusion and limitation. It is there specified that:
 

 “No account is covered under this Policy unless the debtor had at the date of shipment and delivery one of the capital ratings and its accompanying credit rating, tabulated herein below in the latest published book of the Bradstreet Mercantile Agency; said book, for the purposes of this Policy shall be considered as published on the first day of the month borne by said book, and the ratings in said book are to govern on all shipments and deliveries made on and after the first day of the month borne by said book to the first day of the month borne by the next subsequent book.”
 

 It is disclosed that the shipments and deliveries of the merchandise embraced in plaintiff’s account against the Midwest Engine Company were made subsequent to the time when that company lost its credit rating, under the terms of the policy, and that the remainder of plaintiff’s claim here sued upon, except an insignificant item which of itself cannot affect the issue, is not based upon merchandise shipped and delivered at any time, but is based
 
 *691
 
 upon the cancellation agreement made and entered into on March 9, 1921, and a further cancellation charge entered upon the books of the plaintiff March 26, 1921, both of which concededly were subsequent to March 1, 1921, when the Midwest Engine Company lost its required credit rating, in the absence of which, under the specific terms of the coverage clause, “no account is covered under this policy.”
 

 The contention of the plaintiff that the loss it sustained upon said account is covered by the policy is based upon the view that “the date of shipment and delivery” has reference, not to the date of actual shipment and delivery by the plaintiff to the Midwest Engine Company, but to the time specified in its contract with the Midwest Engine Company for completion and delivery of the merchandise in question. Such conclusion, however, is wholly unjustified from any consideration of the terms of the policy. It nowhere refers to a contract for manufacture, or for future delivery, or to any other contract between the insured and any of its debtors or customers. Under the clear and specific terms of its policy, the defendant insures only against loss which occurs from
 
 bona fide
 
 sales of merchandise shipped and delivered in the usual course of the insured’s business, and then when such policy subsequently provides that the credit rating report referred to is to govern on all shipments and deliveries there seems no escape from the conclusion that the insured is indemnified against loss only in the event of shipment and delivery of merchandise to its customer
 
 *692
 
 while such customer has the required rating, as expressly provided in the policy. Shipments and deliveries of merchandise to a customer who did not then have the required rating could be made by the insured only at its own risk.
 

 It is further contended that the merchandise in question was manufactured upon orders from the Midwest Engine Company, and that actual shipments and deliveries were delayed by reason of the refusal of the Midwest Engine Company to accept deliveries at the times specified therefor in the contract. It is disclosed that the Midwest Engine Company required deliveries to be deferred, but the plaintiff continued to accept orders from that company, and later, by mutual arrangement, retained the merchandise in question in its possession and under its control until after the Midwest Engine Company had lost its required credit rating. Damages may have been sustained by plaintiff by reason of breach of contract, but it cannot be claimed that such damage is covered by the terms of this policy. Nor can the claim be sustained that from and after the manufacture of said merchandise the same was set aside for and became the property of the Midwest Engine Company and thereby presents a situation “tantamount to shipment and delivery.” No storage was charged or attempted to be charged against the Midwest Engine Company, and no charge for said merchandise was entered upon the books of the company until the same was actually delivered to the transportation company, which, as above stated, was subsequent to the date when plaintiff’s debtor lost its required credit rating.
 

 
 *693
 
 It is contended that because of the submission of certain interrogatories to the jury upon its request the defendant is conclusively bound by answers thereto and cannot question the correctness of such findings. Over the objection and exception of the defendant, the trial court submitted to the jury for its determination the meaning of the term, “date of shipment and delivery.” The defendant, of course, was not concluded by the answer of the jury to an interrogatory so submitted wherein it found that “date of shipment and delivery,” as used in the policy, meant “when merchandise was ready for shipment.”
 

 Under the undisputed facts, plaintiff was not entitled to recover upon the policy in question, and the trial court should have directed a verdict for the defendant.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.